FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC DANIEL M., | NO: 2:18-CV-282-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary

judgment. ECF Nos. 10 and 11. This matter was submitted for consideration

_____

[1] Andrew M. Saul is now the Commissioner of the Social Security

Administration. Accordingly, the Court substitutes Andrew M. Saul as the

Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P.

25(d).

without oral argument.  The Plaintiff is represented by Attorney Dana C. Madsen. The Defendant is represented by Special Assistant United States Attorney Lars J. Nelson.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 11.

## JURISDICTION

Plaintiff Eric Daniel M.[2] filed for supplemental security income and disability insurance benefits on August 25, 2014, alleging an onset date of January 1, 2013.  Tr. 242-48, 251-57.  Benefits were denied initially, Tr. 145-51, and upon reconsideration, Tr. 154-59.  A hearing before an administrative law judge ("ALJ") was conducted on November 17, 2016, and a supplemental hearing was conducted on July 12, 2017.  Tr. 31-95.  Plaintiff was represented by counsel and testified at both hearings.  *Id*.  The ALJ denied benefits, Tr. 7-30, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

/ / /

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 45 years old at the time of the first hearing. *See* Tr. 244. He graduated from high school and attended some college. Tr. 46. He has a caregiver, paid for by DSHS, that comes four days a week for five to six hours per day. Tr. 80. Plaintiff has work history as a cook, kitchen helper, concession manager, and caregiver. Tr. 46, 87-88. Plaintiff testified that he stopped working because he wasn't able to stand; but the record also indicated that he stopped working after he was put on administrative leave for three years after being charged with a DUI. Tr. 44.

Plaintiff reported that he could not work because of pain and swelling in his feet due to "chronic non-healing fractures," pain in his hands, shoulder pain, anxiety, and depression. Tr. 52-55, 78-81, 84-85. He testified he can stand for three or four minutes, lift ten pounds, and walk "maybe" 50 feet before his feet start swelling and he needs to sit down. Tr. 55, 59-61. He testified that he went to physical therapy but could not continue because of swelling in his feet. Tr. 50. Plaintiff reported that he elevates his feet to relieve the swelling a couple of times a day, for between a half an hour to a couple of hours. Tr. 60.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner also must consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date. Tr. 12. At step two, the ALJ found that Plaintiff has the following severe impairments: brachydactyly, Type C; bipolar disorder; depressive disorder, NOS; generalized anxiety disorder; compulsive personality disorder; and cannabis use disorder. Tr. 13. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 15. The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with an ability to lift and carry 20 pounds occasionally and 10 pounds frequently. However, the claimant is limited to sit for at least 6 hours in an 8-hour workday and stand/walk for a total of 4 hours in an 8-hour workday, with regular breaks. The claimant is limited to using foot controls bilaterally on a frequent basis and he must avoid climbing ladders, ropes, and scaffolds. Although able to frequently stoop and kneel, the claimant can only occasionally climb ramps or stairs, balance, crouch, and crawl. In addition, the claimant needs to avoid concentrated exposure to extreme cold, to excessive vibration and to hazardous machinery. The claimant also needs to avoid all exposure to unprotected heights. The claimant is limited to simple and repetitive tasks, but he cannot perform fast-paced production type work or the timed/paced quota work. The claimant could have occasional superficial interaction with the public, coworkers and supervisors.

Tr. 16.  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 22.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: mail clerk, parking lot attendant, and deliverer.  Tr. 23.  On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of the decision.  Tr. 24.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 10.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence; and

2. Whether the ALJ properly considered Plaintiff's symptom claims.

## DISCUSSION

### A. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.*  If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ erroneously considered the opinion of examining psychologist John Arnold, Ph.D., and medical expert Michael A. Lace, Psy.D. ECF No. 10 at 19-20.

### 1.  Dr. John Arnold

In November 2016, Dr. Arnold opined that Plaintiff had marked limitations in his ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted by them;

complete a normal workday and workweek without interruptions from

psychologically based symptoms and perform at a consistent pace without an

unreasonable number and length of rest periods; accept instructions and respond

appropriately to criticism from supervisors; and get along with co-workers or peers

without distracting them or exhibiting behavioral extremes.  Tr. 547-56.

The ALJ gave Dr. Arnold's examining opinion "[o]nly some weight."  Tr.

21.  Specifically, the ALJ found Dr. Arnold's

> narrative as to [Plaintiff's] abilities and limitations are consistent with
> the overall record.  However, Dr. Lace did not give much weight to Dr.
> Arnold's findings.  He specifically made the following appraisal of the
> opinion: "Level of limitations suggested in [Dr. Arnold's] evaluation
> and medical source statement cannot be taken in isolation and are not
> supported by the balance of the record.  No evidence of ongoing marked
> limitations and no listing met or equals, based on the record."

Tr. 21 (internal citations omitted).  Plaintiff argues the opinion of a non-examining

physician, such as medical expert Dr. Lace, "cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of either an examining or a

treatment physician.  Therefore, the reports of non-examining doctors would not

justify the rejection of the finding of the examining psychologist, John Arnold,

Ph.D."  ECF No. 10 at 20 (citing *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995).

The Court agrees.  The ALJ relied entirely on the assessment of a nonexamining

medical expert, Dr. Lace, as support for granting "only some weight" to Dr.

Arnold's examining opinion; thus, the ALJ's rejection of Dr. Arnold's opinion was

not supported by substantial evidence.  Tr. 21.

Moreover, when explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. Here, the ALJ fails to summarize and interpret the entirety of Dr. Arnold's narrative examination findings and assessed limitations; nor does the ALJ explain why his interpretation, as opposed to the interpretation of Dr. Arnold or Dr. Lace, is correct. In particular, the ALJ fails to reconcile the apparent contradiction between his own finding that Dr. Arnold's "narrative as to [Plaintiff's] abilities and limitations are consistent with the overall evidentiary record," and his complete reliance on Dr. Lace's opinion that the marked limitations assessed by Dr. Arnold were not supported by the record. For all of these reasons, the ALJ's rejection of Dr. Arnold's opinion was not supported by substantial evidence, and Dr. Arnold's opinion must be reconsidered on remand.

### 2. Dr. Michael A. Lace

In February 2017, in response to a medical interrogatory, medical expert Dr. Lace opined that Plaintiff had marked limitation in his ability to understand and remember complex instructions, carry out complex instructions, and make judgments on complex work-related decisions. Tr. 654. Dr. Lace assessed only

moderate limitations in Plaintiff's ability to remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions. Tr. 654. The ALJ gave substantial weight to Dr. Lace's opinion because he is "a clinical psychologist familiar with the Social Security Act and Listings" and "he reviewed the entire record in forming his opinion." Tr. 21.

Plaintiff appears to argue that the ALJ erred by failing to incorporate the moderate and marked limitations assessed by Dr. Lace into the RFC, and "[w]hen these moderate and marked limitations were posed to the VE, the VE testified that such an individual would not be capable of gainful employment." ECF No. 10 at 20. However, as noted by Defendant, at the hearing the VE "was posed a question that defined 'moderate' as being unable to sustain work for 'a third of the day.' This definition is nowhere in Dr. Lace's reports." ECF No. 11 at 14. Indeed, Plaintiff's counsel acknowledged at the hearing that the proposed definition of "moderate" as being unable to do their job "for a third of the day" was not drawn from Dr. Lace's opinion. Tr. 93. In addition, Dr. Lace opined that Plaintiff had marked limitation in his ability to understand and remember complex instructions, carry out complex instructions, and make judgments on complex work-related decisions. Tr. 654. However, in accordance with the substantial weight given to Dr. Lace's opinion, the ALJ's assessed RFC limits Plaintiff to simple and repetitive tasks. Tr. 16. Thus, Plaintiff fails to identify specific marked limitations that were not properly accounted for in the assessed RFC. The Court finds no error

in the ALJ's consideration of Dr. Lace's opinion. Regardless, in light of Dr.

Lace's assessment of Dr. Arnold's opinion, as discussed in detail above, and the

need to reconsider Dr. Arnold's opinion, the ALJ also should reconsider Dr. Lace's

opinion, and all relevant medical opinion evidence, on remand.

### B. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's

testimony regarding subjective pain or symptoms. "First, the ALJ must determine

whether there is objective medical evidence of an underlying impairment which

could reasonably be expected to produce the pain or other symptoms alleged."

*Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not

required to show that his impairment could reasonably be expected to cause the

severity of the symptom he has alleged; he need only show that it could reasonably

have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted). "General findings are insufficient; rather, the

ALJ must identify what testimony is not credible and what evidence undermines

the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 22. In his opening brief, Plaintiff generally argued, without citation to the record or legal authority, that the "ALJ failed to provide specific findings with clear and convincing reasons for discrediting [Plaintiff's] symptom claims." ECF No. 10 at 17. However, the Court may decline to consider issues not raised with specificity in the opening brief. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Accordingly, Plaintiff waived challenge to this issue. Regardless,

in light of the need to consider the medical opinion evidence, as discussed in detail above, the ALJ should reconsider Plaintiff's symptom claims on remand.

### REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

(remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings.

On remand, the ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider Plaintiff's symptom claims, the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3.  Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** December 3, 2019.

_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
United States District Judge